UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JUNIOR GORDON,

      Plaintiff,                                  Hon. Janet T. Neff

v.                                                      Case No. 1:19-cv-491

UNKNOWN HARRY et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner incarcerated with the Michigan Department of Corrections, filed his complaint in this case on June 20, 2019. Plaintiff alleged claims pursuant to 42 U.S.C. § 1983 of retaliation in violation of the First Amendment, failure to protect in violation of the Eighth Amendment, and due process and equal protection violations under the Fourteenth Amendment. Plaintiff's claims arose out of July 8, 2017 incident at the Brooks Correctional Facility in which Plaintiff's cellmate, Randy Deshawn Clay, stabbed Plaintiff with a broken ink pen just above Plaintiff's left eye. (ECF No. 1 at PageID.5.)

On July 24, 2019, after screening Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e(c), the Court dismissed Plaintiff's retaliation claim and all of his claims against Defendants Harry, Page, and Unknown Party #1 through Unknown Party #5. (ECF No. 5 at PageID.44, 48.) The Court allowed Plaintiff's Eighth Amendment failure-to-protect claim against Defendants Dorch, Ross, and Duiker to proceed. (*Id.* at PageID.48–50.)

Plaintiff has previously asserted the same failure-to-protect claim in this Court. On February 14, 2018, Plaintiff filed a complaint captioned *John Junior Gordon v. Heidi Washington*

*et al*, No. 1:18-cv-158. Plaintiff's claims arose out of the same incident—Prisoner Clay's assault on Plaintiff with a broken ink pen just above Plaintiff's eye—and included an Eighth Amendment failure-to-protect claim against Defendants Dorch, Ross, and Duiker. On March 26, 2018, after screening Plaintiff's complaint, the Court dismissed all of Plaintiff's claims for failure to state a claim. (ECF Nos. 6 and 7.) Plaintiff filed a notice of appeal (ECF No. 8), but the Sixth Circuit subsequently dismissed the appeal for want of prosecution. (ECF No. 13.) Plaintiff took no further action to prosecute Case No. 1:18-cv-158.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." *See Bright v. Thompson*, 467 F. App'x 462, 464 (6th Cir. 2012) (noting that Section 1915(e)(2)(B) authorizes district courts to sua sponte dismiss prisoner complaints that fail to state a claim and that "[s]uch dismissal may occur at any time"). A court may consider the doctrine of *res judicata*, or "claim preclusion," in determining whether a complaint fails to state a claim for purposes of Section 1915(e)(2). *See Keeley v. Eller*, No. 2:18-CV-1355, 2018 WL 5886732, at *3 (S.D. Ohio Nov. 9, 2018); *Zueski v. MSP*, No. 15-13902, 2015 WL 7450438, at *2 (E.D. Mich. Nov. 24, 2015).

The doctrine of claim preclusion provides that, if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation

of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dept Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

All of the requirements for claim preclusion are present in this case. First, Plaintiff's previous lawsuit ended in a final judgment on the merits. Second, Plaintiff sued the same Defendants in the previous lawsuit. Finally, Plaintiff's previous lawsuit raised the same claim—failure to protect—that is at issue in the instant case. If Plaintiff believed that the prior judgment was erroneous, his proper course of action was to seek review by the Sixth Circuit Court of Appeals. It is direct review by appeal, not the filing of new complaints concerning the same issues, that corrects any erroneous conclusions a court might make. *Equitable Trust Co. v. Commodity Futures Trading Comm'n*, 669 F.2d 269 (5th Cir. 1982).

## **CONCLUSION**

For the reasons set forth above, I recommend that the Court dismiss Plaintiff's remaining claims against Defendants Dorch, Ross, and Duiker with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim based on the doctrine of claim preclusion. I further recommend that the MDOC Defendants' Motion for Summary Judgment (ECF No. 14) and Plaintiff's Motion to Amend/Correct (ECF No. 25) be denied as moot.

The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: January 14, 2020                         /s/ Sally J. Berens
                                                                          SALLY J. BERENS
                                                                          U.S. Magistrate Judge